Mario CLARK *v.* STATE of Arkansas

CA CR 02-975                                              223 S.W.3d 66

Court of Appeals of Arkansas
Opinion delivered January 18, 2006

*Ables, Howe & Standridge, P.L.L.C.,* by: *J. Brent Standridge,* for appellant.

*Mike Beebe,* Ark. Att'y Gen., by: *Vada Berger,* Ass't Att'y Gen., for appellee.

SAM BIRD, Judge. On June 3, 2002, Mario Clark was tried before a jury in the Jefferson County Circuit Court for aggravated robbery, battery in the first degree, and criminal attempt to commit capital murder. The jury returned guilty verdicts on all charges and recommended prison sentences of one hundred and twenty months for the robbery, sixty months for the battery, and seventy-two months for the attempted murder, the sentences to be served concurrently. At a sentencing hearing on June 5, 2002, the trial court imposed the terms that the jury had recommended on each conviction, but the court ordered that the terms run consecutively for a cumulative sentence of two hundred and fifty-two months. Clark contends on appeal that he is entitled to a new trial because the trial court erred in two ways: (1) answering questions from the jury without summoning it into open court as required by Ark. Code Ann. § 16-89-125(e) (1987); (2) violating Clark's right to be present at a critical stage of, or a substantial step in, the proceedings, by formulating and delivering written answers to the jury's questions in his absence. We agree with the State that no reversible error occurred.

Arkansas Code Annotated section 16-89-125(e) provides as follows:

> After the jury retires for deliberation, if there is a disagreement between them as to any part of the evidence, or if they desire to be

> informed on a point of law, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to, the counsel of the parties.

Noncompliance with this statutory provision gives rise to a presumption of prejudice, and the State has the burden of rebutting that presumption. *Atkinson v. State*, 347 Ark. 336, 351, 64 S.W.3d 259, 269 (2002). The failure of a defendant and his counsel to be present when a substantial step occurs in his case, such as the judge's answering questions in the jury room, results in a violation of the defendant's fundamental right to be present at any stage of the criminal proceeding that is critical to the outcome. *Id.* (citing *Goff v. State*, 329 Ark. 513, 953 S.W.2d 38 (1997)).

The record before us consists of two volumes: the original record and a reconstruction of the record. In the original record there are two notes indexed as *Notes from Jury*. The first note contains the handwritten question, "Who's footprint was in the blood of Mr. Gridder, that was on the floor"[sic]. Beneath the question, in different handwriting and ink, is the answer, "You may consider the evidence that was given and only that evidence." The second handwritten question, "How do you give a Concurrent Plea?" was answered, again in a different handwriting and ink, "You may make a recommendation as to concurrent or consecutive sentences, but it is the Court's decision ultimately." Each answer bears the signature of the circuit judge who presided over the trial.

Clark's appellate attorney moved this court to remand the case to the trial court for settlement of the record to determine how the communication had transpired between the jury and the trial court regarding these notes. We granted the motion, and a hearing to settle the record was conducted on June 24, 2005.

Shana Simmering, one of the deputy prosecutors who had tried the case, testified at the hearing to settle the record that she recalled the jury's having an evidentiary question during its deliberations of the guilt phase of the trial and another question at the sentencing phase. Simmering recalled going to the judge's chambers after someone from the judge's office called or came to the prosecutor's office. She recalled that defense counsel and the other deputy prosecutor were present in chambers, but she could not recall whether Clark himself was there. Referring to the notes that were in the record, she further testified:

When we got in there, I believe Judge Davis, in both instances, read the question to us and gave what he felt was an appropriate response to that question and gave both parties an opportunity to object and there were no objections made by either side and he would then submit through the bailiff, I believe, the answer to that question.

. . . .

[T]he first question asked about some evidence and they had a question about evidence which, obviously, the judge's answer to the question is, "You can only consider the evidence that you have." And we all agreed that we felt that was an appropriate answer and that was submitted to them.

And then the second question dealt with an issue that really, I think, may have already been dealt with in the jury instructions, . . . and, again, I think he just restated the law, which is they can make a recommendation but it is not binding on the court, and we agreed, again — both parties agreed that that was an appropriate response to the question and those answers were then submitted to the jury.

My memory was that this was not one of those situations where the jury was actually brought into the courtroom and the judge asked them the question and gave the answer and it was all on the record. I'm not sure the court reporter was in chambers. . . .

From what I recall, the bailiff would have taken the actual note back to the jury. Probably given it back to the foreman, who was, again, assuming was the person that gave it to him to begin with.

Testimony was also given by appellant Mario Clark. He stated that he never was made aware that the jury had any questions about the evidence or sentencing, nor was he aware of any communication that they made to the court. He testified that he was not in the judge's chambers when the correspondence came in, nor was he there when the attorneys or the judge issued an answer. Responding to questions by his attorney, he stated:

I was just in the courtroom when the trial went down, but I was never in the chambers. I don't know nothing about that.

I was — I was in the county jail at the time of the trial. I was escorted by a deputy in here. I was first made aware of this that the jury had a question to the Court when I got a letter from you.

.

We now address Clark's contention that the trial court committed reversible error. First, he asserts that he is entitled to a new trial on the basis that the court answered questions from the jury without summoning it into open court as required by Ark. Code Ann. § 16-89-125(e) (1987).

### Failure to Summon the Jury into Open Court

In *Goff, supra,* the judge, with agreement of counsel, went into the jury room alone and answered three written questions that the jury submitted during its deliberations in the sentencing phase of the trial. Although the agreed answers were brief and could have been recited in a minute or less, the judge remained in the jury room for eight minutes. No record was made of what the judge told the jury, nor did he later disclose to the attorneys what he discussed with the jurors. The *Goff* court held that the defendant had been deprived of a substantial right because both she and her counsel were absent during the judge's encounter with the jury; further holding that the State had not overcome the presumption of prejudice arising from the trial court's failure to comply with Ark. Code Ann. § 16-89-125(e), the supreme court reversed and remanded for new sentencing.

A violation of Ark. Code Ann. § 16-89-125 occurred during sentencing-phase deliberations in *Anderson v. State,* 353 Ark. 384, 394, 108 S.W.3d 592, 598 (2003), when the trial court responded in writing to a written question from the jury with an answer that both the State and appellant agreed was the correct response. The supreme court held, however, that the State rebutted the presumption of prejudice because the substance of the circuit court's communication with the jury was reflected in the record, appellant never objected to that substance, and the court never had any contact with the jury during deliberations. Similarly, a presumption of prejudice was overcome in *Atkinson v. State,* 347 Ark. 336, 351–53, 64 S.W.3d 259, 269–70 (2002), where defendant did not object to the trial court's finding that its communication with the jury was limited to answering the jury's questions via a note, using language agreed upon by the parties; the substance of the court's communication with the jury was clearly reflected in the record; the court answered the jury's questions in the manner agreed upon by the parties in open court; the court never had any contact with the jury during deliberations, and appellant fully agreed with the court and State regarding the answer written on the same note where the jury had written its questions.

■ Here, a violation of Ark. Code Ann. § 16-89-125(e) (1987) occurred when the trial court answered questions from the jury without summoning it into open court as required. For the following reasons, however, we hold that the State has overcome the presumption that prejudice occurred when the trial court violated this statutory subsection.

■ The proposed answers to the jury's questions were reduced to writing with agreement of Clark's counsel, and Clark does not contend on appeal that there was anything improper about their substance. Those questions and answers were made part of the record. Further, the judge did not enter the jury room when the written answers were delivered to the jurors, nor was he alone with them at any time. There was no direct communication between the judge and the jury; thus, there was nothing further to put in the record. We conclude that, under these facts, the State has overcome the presumption that Clark suffered any prejudice from the judge's written communication with the jury outside of open court.

Clark also argues that the presumption of prejudice has not been overcome because it is unknown what communication occurred once the written note was delivered to the jury room and unknown whether there was communication about the note between the bailiff and jurors. However, neither the original record nor the settled record reflects testimony by the bailiff or other witnesses with knowledge of any possible communication when the note was delivered. We agree with the State that, although it has the burden of rebutting the presumption of prejudice arising from a violation of Ark. Code Ann. § 16-89-125(e), this burden does not require rebutting a speculative scenario with no basis in the record. *See Wilson v. State*, 272 Ark. 361, 363, 614 S.W.2d 663, 664 (1981) (rejecting the defendant's claim for a new trial, for reasons including his failure to prove to the trial court that the bailiff had counseled the jury on a point of law or had acted to prejudice the defendant's rights).

### The Defendant's Right to be Present

As his second basis for a new trial, Clark asserts that the trial court's formulating and delivering written answers to the jury's questions in his absence was a violation of his right to be present at a critical stage of, or substantial step in, the proceedings. However, there was no objection by Clark or his counsel, who was present in

the judge's chambers and approved the judge's written answers to the jury, that Clark was absent for this part of these proceedings.

An attorney's authority to waive his client's right to be present at every step of his trial is presumed, in the absence of a showing to the contrary, when the question is not raised until after his trial has been concluded and he has been convicted. *Martin v. State*, 254 Ark. 1065, 1071, 497 S.W.2d 268, 272 (1973). An objection must be made by counsel in order to preserve for appellate review a claim that a defendant was absent during a critical stage of the proceedings. *E.g., Clayton v. State*, 321 Ark. 602, 608–09, 906 S.W.2d 290, 294–95 (1995); *see also Durham v. State*, 179 Ark. 507, 509–10, 16 S.W.2d 991, 991–92 (1929) (refusing to reverse in absence of objection by counsel, who was present, when jury was instructed without defendant's presence).

We will not address Clark's second basis for reversal because it is not preserved for our review. Were we to entertain his argument, however, we would agree with the State that Clark has demonstrated no prejudice or loss of an advantage as a result of his absence. *See Bell v. State*, 296 Ark. 458, 465, 757 S.W.2d 937, 940 (1988) (holding that reversal is required when a significant step in a case is taken in an accused's absence if it appears that he has lost an advantage or has been prejudiced).

We hold that Clark is not entitled to a new trial on either basis he presents on appeal; therefore, the conviction is affirmed.

Affirmed.

GLADWIN and VAUGHT, JJ., agree.