Mario CLARK  *v.*  STATE of Arkansas

CR 06-1397                                      282 S.W.3d 801

Supreme Court of Arkansas
Opinion delivered April 10, 2008

*Mario Clark, pro se,* for appellant.

*Dustin McDaniel,* Att'y Gen., by: *Vada Berger,* Ass't Att'y Gen., for appellee.

PAUL E. DANIELSON, Justice. Appellant Mario Clark appeals from the circuit court's denial of his petition pursuant to Ark. R. Crim. P. 37. He asserts two points on appeal: (1) that the circuit court erred in denying his Rule 37 petition because he was improperly convicted and sentenced for attempted capital murder, first-degree battery, and aggravated robbery, and (2) that his counsel was ineffective because counsel failed to make an objection as to whether the circuit court could enter convictions and sentences for all the charges. We hold that the circuit court did not clearly err and affirm the circuit court's order.

The record reveals that on June 3, 2003, Clark was tried by a jury for the robbery of Cherry Street Liquor Store, which occurred October 16, 2001. In the process of the robbery, Clark used a .38 caliber revolver and fired two shots at the store clerk, Mr. John Grider, for not cooperating. While Grider was not fatally injured, he was injured by the second shot, which struck him in the leg. The jury found Clark guilty of aggravated robbery, first-degree battery, and attempted capital murder and sentenced

him to 72 months' imprisonment for attempted capital murder, 60 months' imprisonment for first-degree battery, and 120 months' imprisonment for aggravated robbery. The court of appeals affirmed in *Clark v. State*, 94 Ark. App. 5, 223 S.W.3d 66 (2006).

On March 22, 2006, Clark filed a Rule 37 petition with the circuit court, which alleged four grounds for relief: (1) ineffective assistance of counsel; (2) double jeopardy; (3) denial of a fair and impartial trial; and (4) denial of due process of law. The circuit court denied Clark's petition on August 31, 2006, and Clark filed his notice of appeal on September 18, 2006.

Clark's robbery of Cherry Street Liquor Store violated several statutes; however, the issue in the instant appeal is whether his convictions on all three charges of aggravated robbery, first-degree battery, and attempted capital murder violated double jeopardy. While the circuit court found that Clark could not raise a double-jeopardy violation because he had not raised it at trial or on appeal, such a claim may be raised for the first time in a Rule 37 petition. *See Rowbottom v. State*, 341 Ark. 33, 13 S.W.3d 904 (2000).

Under the standard of review for a proceeding on a Rule 37.1 petition, the denial of postconviction relief is not reversed unless the circuit court's findings are clearly erroneous or clearly against the preponderance of the evidence. *See O'Connor v. State*, 367 Ark. 173, 238 S.W.3d 104 (2006). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *See Flores v. State*, 350 Ark. 198, 85 S.W.3d 896 (2002).

Arkansas law provides three distinct ways in which an offense qualifies as a lesser-included offense. *See McCoy v. State*, 347 Ark. 913, 69 S.W.3d 430 (2002). Under Ark. Code Ann. § 5-1-110(b) (Supp. 2007), if any of the three criteria are met, an offense is a lesser-included offense of another:

> (1) Is established by proof of the same or less than all of the elements required to establish the commission of the offense charged; ·
>
> (2) Consists of an attempt to commit the offense charged or to commit an offense otherwise included within the offense charged; or
>
> (3) Differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or

public interest or a lesser kind of culpable mental state suffices to establish the offense's commission.

Ark. Code Ann. § 5-1-110(b).

Therefore, the relevant statutes must be reviewed to determine whether aggravated robbery is a lesser-included offense of attempted capital murder and whether first-degree battery is a lesser-included offense of aggravated robbery.

## A. Attempted Capital Murder & Aggravated Robbery

Clark cites *Rowe v. State*, 275 Ark. 37, 627 S.W.2d 16 (1982), and *Barnum v. State*, 276 S.W.3d 477, 637 S.W.2d 534 (1982), as authority for the proposition that a defendant may not be sentenced on both a charged felony and an underlying felony, as the underlying felony is a lesser-included offense. Indeed, this was once the law; however, Ark. Code Ann. § 5-1-110(d)(1) changed that law. *See Walker v. State*, 353 Ark. 12, 110 S.W.3d 752 (2003). Section 5-1-110(d)(1) (Repl. 1997)[1] states, in pertinent part, as follows: "Notwithstanding any provision of law to the contrary, separate convictions and sentences are authorized for: (A) Capital murder, § 5-10-101, and any felonies utilized as underlying felonies for the murder[.]" Circuit courts now have specific authority to sentence a defendant for the underlying felony of the capital murder, as well as the murder itself. *See Walker v. State, supra.*

Clark was charged with attempted capital murder under Ark. Code Ann. § 5-3-201. An individual may be convicted of attempting to commit an offense if:

(a) A person attempts to commit an offense if he or she purposely engages in conduct that:

(1) Would constitute an offense if the attendant circumstances were as the person believes them to be; or

(2) Constitutes a substantial step in a course of conduct intended to culminate in the commission of an offense whether or not the attendant circumstances are as the person believes them to be.

---

[1] While there are more current versions of this statute, they have been amended since the time of Clark's convictions.

(b) When causing a particular result is an element of the offense, a person commits the offense of criminal attempt if, acting with the kind of culpable mental state otherwise required for the commission of the offense, the person purposely engages in conduct that constitutes a substantial step in a course of conduct intended or known to cause the particular result.

(c) Conduct is not a substantial step under this section unless the conduct is strongly corroborative of the person's criminal purpose.

Ark. Code Ann. § 5-3-201 (Repl. 2006).

In the instant case, robbery was used as the underlying felony for the attempted-capital-murder charge. Therefore, the elements required for Clark to be convicted of attempted capital murder were that he committed or attempted to commit robbery, and, in the course of or in flight from such robbery, caused the death of a person under circumstances manifesting extreme indifference to the value of human life. *See* Ark. Code Ann. § 5-10-101(a)(1) (Supp. 2006). We have held that the required intent when a person is killed in the course of committing a felony, here robbery, is the intent to commit the felony, and not the intent to commit murder. *See Jordan v. State*, 356 Ark. 248, 147 S.W.3d 691 (2004); *Isom v. State*, 356 Ark. 156, 148 S.W.3d 257 (2004); *Jones v. State*, 336 Ark. 191, 984 S.W.2d 432 (1999).

For an aggravated-robbery charge, the first required element is the commission of the robbery itself. *See* Ark. Code Ann. § 5-12-103 (Repl. 2006). In addition, that person must have also either: (1) been armed with a deadly weapon, (2) represented by words or conduct that he or she was armed with a deadly weapon, or (3) inflicted or attempted to inflict death or serious physical injury upon another. *See id.*

Here, the circuit court instructed the jury as to all the elements possible for aggravated robbery, and the jury returned a general verdict, failing to specify the ground upon which the verdict rested. Therefore, if any one of the elements for aggravated robbery renders Clark's conviction for both aggravated robbery and attempted capital murder in violation of double jeopardy, the circuit court erred in denying his Rule 37 petition.

However, aggravated robbery is not a lesser-included offense of attempted capital murder. While an aggravated-robbery charge shares the intent to rob with attempted capital murder,

aggravated robbery also requires one of three other elements. Two of those elements, being armed with a deadly weapon, or representing as such, are unique to aggravated robbery. The third possible element of aggravated robbery is having inflicted or attempted to inflict death or serious physical injury upon another. This element is not equivalent to the element in attempted capital murder that the defendant, in the course of or in flight from such robbery, caused the death of a person under circumstances manifesting extreme indifference to the value of human life. For the offense of attempted capital murder, the focus of the intent remains on the actual robbery, whereas in aggravated robbery the focus is on the intent to inflict death or serious physical injury.

Thus, we conclude that aggravated robbery is not a lesser-included offense of attempted capital murder under section 5-1-110(b) and, accordingly, that the circuit court did not err in denying Clark's Rule 37 petition on that point.

## B. *Aggravated Robbery & First-Degree Battery*

The remaining issue is whether first-degree battery is a lesser-included offense of aggravated robbery. The charging instrument and the jury instructions were both limited to the second definition of battery listed in Ark. Code Ann. § 5-13-201(a)(1) (Repl. 1997). Therefore, the State had to prove that Clark, with the purpose of causing physical injury to another person, caused physical injury by means of a firearm, to convict him of first-degree battery.

As previously noted, the elements of aggravated robbery include the robbery itself, plus one of the following elements: (1) the defendant was armed with a deadly weapon, (2) the defendant represented by words or conduct that he or she was armed with a deadly weapon, or (3) the defendant inflicted or attempted to inflict death or serious physical injury upon another. *See* Ark. Code Ann. 5-12-103 (Repl. 2006).

First-degree battery is not a lesser-included offense of aggravated robbery as it is not established by proof of the same or less than all of the elements required to prove aggravated robbery. First-degree battery, as defined by the instructions in this case, requires proof of a purpose of causing any physical injury to another person. Such a requirement is not needed for aggravated robbery, unless the aggravated robbery is shown by proof that the

defendant inflicted or attempted to inflict death or serious physical injury. However, even if the aggravated robbery is established with proof that the defendant inflicted or attempted to inflict death or serious physical injury, only first-degree battery contains the unique proof of the use of a firearm to cause injury.

■ Furthermore, first-degree battery simply requires proof of a purpose of causing some kind of physical injury. Aggravated robbery requires proof of a robbery, either with a deadly weapon, a representation that the defendant is armed with a deadly weapon, or the infliction/attempted infliction of death or serious physical injury on another. As previously noted, the risk of injury is not the only difference between the two crimes. First-degree battery requires proof of the use of a firearm, whereas aggravated robbery does not; aggravated robbery requires proof of a robbery, whereas first-degree battery does not. Thus, we conclude that first-degree battery is not a lesser-included offense of aggravated robbery under section 5-1-110(b).

■ Clark's final point on appeal is that his attorney was ineffective for failing to move the circuit court to limit the judgment of conviction to one charge. However, as the State avers, this argument was not preserved for appellate review. Clark failed to raise this issue at the circuit court level and, as a result, the circuit court did not provide a ruling. Therefore, Clark is procedurally barred from raising this issue on appeal. *See Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006).

Because aggravated robbery is not a lesser-included offense of attempted capital murder, and first-degree battery is not a lesser-included offense of aggravated robbery, the circuit court did not err in denying Clark's Rule 37 petition.

Affirmed.