
# SUPREME COURT OF ARKANSAS

No. CV-13-41

| | | |
|---|---|---|
| ERIC C. BURGIE | APPELLANT | Opinion Delivered September 26, 2013 |
| V. | | PRO SE PETITION FOR WRIT OF MANDAMUS AND PRO SE MOTIONS FOR APPOINTMENT OF COUNSEL, FOR LEAVE TO FILE BRIEF WITH EXTENDED PAGE LIMIT, AND TO FILE SUPPLEMENTAL BRIEF WITH EXTENDED PAGE LIMIT [JEFFERSON COUNTY CIRCUIT COURT, 35CV-12-495, HON. JODIE RAINES DENNIS, JUDGE] |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | APPELLEE | |
| | | APPEAL DISMISSED; PETITION AND MOTIONS MOOT. |

## PER CURIAM

In 2001, appellant Eric C. Burgie was convicted of capital murder and aggravated robbery in the Garland County Circuit Court, and an aggregate sentence of life imprisonment without parole was imposed. We affirmed. *Burgie v. State*, CR-02-90 (Ark. Feb. 20, 2003) (unpublished per curiam).

On August 30, 2012, appellant filed in the Jefferson County Circuit Court, the county where he was incarcerated, a pro se petition for writ of habeas corpus and three supplemental petitions for the writ pursuant to Arkansas Code Annotated sections 16-112-101 to -123 (Repl. 2006).[1] The circuit court denied appellant's request for relief, and appellant filed a timely notice

---

[1]As of the date of this opinion, appellant remains incarcerated in Jefferson County.

of appeal. Appellant also filed a motion for reconsideration of the circuit court's order denying his request for the writ and a motion for order in which he requested an order directing the circuit clerk to return file-marked copies of the felony information and amended felony information.[2]

Now before us are appellant's motions to appoint counsel, for leave to file an appellate brief with extended page limit, and to file a supplemental brief with extended page limit, as well as his petition for writ of mandamus requesting that we order the circuit clerk to return file-marked copies of the felony information and amended felony information. While not entirely clear, it also appears that appellant requests in his petition for writ of mandamus that we order the Arkansas Department of Correction to respond to his petition for writ of habeas corpus. We dismiss appellant's appeal and find his remaining motions and petition for writ of mandamus moot.

After the motions to appoint counsel and for leave to file an appellate brief with extended page limit were filed, appellant timely tendered a brief that conforms to the rules of this court, as well as a conforming reply brief. As appellant has filed the brief-in-chief and perfected the appeal, the motions to appoint counsel and for leave to file an appellate brief with extended page limit are moot. We need not address the merits of appellant's remaining motion to file a supplemental brief with extended page limit and petition for writ of mandamus because it is clear from the record that appellant could not prevail on appeal even if the motion and petition were granted. Accordingly, the appeal is dismissed, and the motions and petition are

---

[2]The circuit court did not rule on appellant's motions for reconsideration and for order.



moot.

An appeal from an order that denied a petition for postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. *Roberson v. State*, 2013 Ark. 75 (per curiam). In appeals of postconviction proceedings, we will not reverse a circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Pankau v. State*, 2013 Ark. 162. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

In his petition and supplemental petitions for writ of habeas corpus, appellant alleged that the judgment-and-commitment order was invalid on its face and that the circuit court lacked jurisdiction. In support of this allegation, appellant asserted seven grounds: (1) that at the time of the commission of the crime, aggravated robbery was not specifically enumerated by statute as a predicate felony to support a capital-murder conviction, only robbery was, *see* Ark. Code Ann. § 5-10-101 (Repl. 1997); (2) that Arkansas Code Annotated section 5-10-110 (Repl. 1997) only authorizes separate convictions for capital murder and the predicate felony, which he contends did not include aggravated robbery; (3) that his due-process rights were violated because the circuit court sentenced him as a habitual offender although the felony information did not charge him as a habitual offender; (4) that his conviction of capital murder amounted to an ex post facto application of the law; (5) that section 5-10-101, as it read at the time of the commission of the crime, was vague and indefinite because it did not specify whether the

SLIP OPINION

predicate felony of robbery included aggravated robbery; (6) that his conviction of capital murder, wherein the underlying felony was aggravated robbery, and his conviction of aggravated robbery placed him in double jeopardy; and (7) that the prosecutor violated the separation-of-powers doctrine by charging him for capital murder with the supporting felony of aggravated robbery when the legislature did not intend to include aggravated robbery as a predicate felony of capital murder.

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Girley v. Hobbs*, 2012 Ark. 447 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam). The burden is on the petitioner in a habeas-corpus petition to establish that the circuit court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Under our statute, a petitioner who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity or the lack of jurisdiction by the circuit court and must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1); *Murphy v. State*, 2013 Ark. 155 (per curiam); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Murphy*, 2013 Ark. 155.

Appellant's first and third grounds asserted in support of his petition for the writ

challenge the sufficiency of the felony information. Specifically, appellant claimed that he was charged with aggravated robbery, which, at the time of the commission of the crime, was not specifically enumerated by statute as a predicate felony to capital murder, and that he was sentenced as a habitual offender although the felony information failed to charge him as a habitual offender. Claims of defective charging documents are cognizable in habeas proceedings only in limited circumstances when the claims call into question the jurisdiction of the circuit court. *Bryant v. May*, 2013 Ark. 168 (per curiam). A nonjurisdictional challenge to the sufficiency of an information is an assertion of trial error and is not cognizable in a habeas proceeding. *Van v. Hobbs*, 2011 Ark. 287 (per curiam); *see Ray v. State*, 344 Ark. 136, 40 S.W.3d 243 (2001) (citing *McNeese v. State*, 334 Ark. 445, 976 S.W.2d 373 (1998)). A deficiency within a felony information does not render a judgment invalid on its face. *Bryant*, 2013 Ark. 168; *see Goins v. Norris*, 2012 Ark. 192 (per curiam) (affirming the denial of a petition for writ of habeas corpus where the appellant alleged that his sentence was "facially illegal, invalid, and unconstitutional" on the grounds that the felony information failed to mention that he was a habitual offender, but the judgment of conviction indicated that he was convicted and sentenced as a habitual offender); *Willis v. Hobbs*, 2011 Ark. 509 (per curiam) (holding that claims of failure to include sufficient information to identify the crime are not cognizable in a habeas-corpus petition). Because appellant's claims did not call into question the jurisdiction of the circuit court or demonstrate the facial invalidity of the judgment, they were not cognizable in a habeas-corpus petition and could not have supported issuance of the writ.

In his second and sixth grounds in support of his petition for the writ, appellant asserted

SLIP OPINION

that he was placed in double jeopardy when he was charged, convicted of, and received separate sentences for capital murder and aggravated robbery. Specifically, he argued that the legislature only intended to allow separate convictions and sentences for capital murder and the underlying felony supporting capital murder, which, he maintained did not include aggravated robbery. Some claims of double jeopardy are cognizable in a habeas proceeding; however, where a double-jeopardy claim does not allege that, on the face of the commitment order, there was an illegal sentence imposed on a conviction, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not one cognizable in a habeas proceeding. *Murphy*, 2013 Ark. 155.

The circuit courts have specific authority to sentence a defendant for the underlying felony supporting a capital-murder charge, as well as the felony of capital murder itself. *Jackson v. State*, 2013 Ark. 19 (per curiam); *see also Clark v. State*, 373 Ark. 161, 282 S.W.3d 801 (2008) (citing *Walker v. State*, 353 Ark. 12, 110 S.W.3d 752 (2003)). While aggravated robbery was not specifically enumerated by statute at the time of the commission of the crime, this court has held that aggravated robbery will support a charge of capital murder. *See Nooner v. State*, 322 Ark. 87, 907 S.W.2d 677 (1995); *Simpson v. State*, 274 Ark. 188, 623 S.W.2d 200 (1981) ("[T]he General Assembly could not conceivably have intended that robbery, which may involve no force, would support a charge of capital murder, while aggravated robbery, an inherently dangerous crime, would not."). Thus, the circuit court did not act outside its jurisdiction when it entered the judgment-and-commitment order convicting and sentencing appellant for the separate offenses of capital murder and aggravated robbery.

Finally, in his fourth, fifth, and sixth grounds for issuance of the writ, appellant asserted that his convictions and sentences amounted to an ex post facto application of the law because, at the time of the commission of the crime, aggravated robbery was not specifically enumerated as a predicate felony of capital murder,[3] that the statute under which he was convicted was vague and indefinite in its terms because it did not specify whether robbery included aggravated robbery, and that the prosecutor infringed upon the duties of the legislature by charging him with capital murder and aggravated robbery, which was not specifically enumerated by statute as an underlying felony of capital murder at the time of the commission of the crime. Such claims are not cognizable in a habeas proceeding because they do not call into question the jurisdiction of the circuit court. Moreover, the type of factual inquiry necessary to address appellant's claims is one that goes beyond the face of the judgment-and-commitment order and is not the kind of inquiry to be addressed by a proceeding for the writ. *See Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam).

Because his claims did not challenge the facial validity of the judgment and failed to demonstrate a lack of the trial court's jurisdiction, they were not cognizable in a petition for habeas-corpus relief. *Culbertson v. State*, 2012 Ark. 112 (per curiam); *Skinner v. Hobbs*, 2011 Ark. 383 (per curiam). Therefore, appellant did not meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *McArty v. Hobbs*, 2012 Ark. 257 (per curiam); *Henderson v. White*,

---

[3]In 2007, the General Assembly amended section 5-10-101 to include aggravated robbery as a predicate felony supporting a capital-murder charge. *See* Act of Apr. 2, 2007, No. 827, § 19, 2007 Ark. Acts 4380, 4386. As previously discussed, however, this court held, prior to the 2007 amendment and, notably, prior to the commission of the crimes of which appellant was convicted, that aggravated robbery would constitute a predicate felony to support a charge of capital murder. *See Simpson*, 274 Ark. 188, 623 S.W.2d 200.



2011 Ark. 361 (per curiam).

Appeal dismissed; petition and motions moot.

*Eric C. Burgie*, pro se appellant.

No response.