SLIP OPINION

Cite as 2015 Ark. 467

# SUPREME COURT OF ARKANSAS

No. CV–15–339

| | |
|---|---|
| RODNEY HOLLY | **Opinion Delivered** December 10, 2015 |
| APPELLANT | |
| | PRO SE APPEAL FROM THE |
| V. | JEFFERSON COUNTY CIRCUIT COURT |
| | [NO. 35CV-14-536] |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | |
| | HONORABLE JODI RAINES DENNIS, JUDGE |
| APPELLEE | |
| | AFFIRMED. |

**PER CURIAM**

On January 11, 2002, a judgment was entered reflecting that appellant Rodney Holly had entered a guilty plea in Garland County Circuit Court to first-degree murder and aggravated robbery. He was sentenced to consecutive sentences of 240 months' imprisonment on the murder charge and 480 months' imprisonment on the aggravated robbery charge for an aggregate sentence of 720 months' imprisonment in the Arkansas Department of Correction. Holly, who is incarcerated at a unit of the Arkansas Department of Correction in Jefferson County, filed a petition for a writ of habeas corpus in the Jefferson County Circuit Court on November 6, 2014.[1] In the petition, Holly claimed that his sentence was illegal because it violated the constitutional provision against double jeopardy. The petition was dismissed on March 11, 2015, and Holly brings this appeal.

---

[1] As of the date of this opinion, Holly remains incarcerated in Jefferson County.

SLIP OPINION

Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16–112–103(a)(1) (Repl. 2006). The burden is on the petitioner in proceedings for a writ of habeas corpus to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

A circuit court's grant or denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A finding is clearly erroneous when, although there is evidence to support it, the appellate court is left, after reviewing the entire evidence, with the definite and firm conviction that a mistake has been committed. *Id*.

In his habeas petition, Holly's allegations surround whether his sentence was a double-jeopardy violation, in that simple robbery, not aggravated robbery, was used as the predicate felony for first-degree murder, and that a separate charge of aggravated robbery was therefore invalid and illegal.[2] Some claims of double jeopardy are cognizable in a habeas proceeding. *Fields*, 2013 Ark. 416. Detention for an illegal period of time is precisely what a writ of habeas corpus is designed to correct. *Taylor v. State*, 354 Ark. 450,

---

[2] In addition Holly makes a related due process argument, but due process violations do not implicate the facially validity of the judgment or the court's jurisdiction and thus are not cognizable in habeas proceedings. *See Murphy v. State*, 2013 Ark. 155 (per curiam).

125 S.W.3d 174 (2003). When the petitioner does not show that, on the face of the commitment order, there was an illegal sentence imposed, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not one that is cognizable. *Fields*, 2013 Ark. 416.

As a preliminary matter, Holly asserts that the circuit court erred in finding that Holly's double-jeopardy issue had previously been decided. He is correct that the circuit court mistakenly found that Holly had previously raised his double jeopardy argument on direct appeal and that therefore habeas relief was inappropriate to re-litigate the same issue.[3] Ultimately, though, the court found Holly did not offer sufficient evidence to establish probable cause that he was held illegally. This decision, based on a review of all the evidence, is not clearly erroneous as there was no double-jeopardy violation in his sentencing.

Arkansas Code Annotated section 5-1-110(d)(1)(c) (Repl. 2006) provides for separate convictions for murder in the first degree and "any felony utilized as an underlying felony" for the murder. At the time of the commission of the crime, aggravated robbery was not enumerated by statute to be a predicate felony to first-degree murder. Ark. Code Ann. § 5-10-102 (Repl. 2013). Holly was convicted of murder with simple robbery as the underlying felony, and he argues that, because aggravated robbery was not the felony utilized as the underlying felony for the murder conviction, he could only be sentenced separately

---

[3] Holly in fact did not file a direct appeal and the case cited by the circuit court was the decision in another defendant's direct appeal. Holly also raises the argument that he could not have waived this argument as an illegal sentence is a subject-matter jurisdiction issue. We decline to address this as we recognize the court erred by finding he had previously litigated this issue.

SLIP OPINION

SLIP OPINION

for a simple robbery charge.

In Holly's co-defendant's case, we addressed that aggravated robbery would be an appropriate underlying felony to support a charge of felony-murder. *See Burgie v. Hobbs*, 2013 Ark. 360 (per curiam). Even if aggravated robbery would not be an authorized underlying felony, separate sentences for first-degree murder and aggravated robbery do not violate the prohibition against double jeopardy or section 5-1-110(b)(3). Where the legislature has specifically authorized cumulative punishment under two statutes, the prohibition against double jeopardy is not violated. *Missouri v. Hunter*, 459 U.S. 359 (1983).

Holly contends that sentencing on the two charges constitutes a double jeopardy violation because the two charges differ only in degree. *See* Ark. Code Ann. § 5-1-110(b)(3) (providing that an offense qualifies as a lesser-included offense if it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish the offense's commission). The two crimes share some elements, but aggravated robbery is not a lesser-included offense of the murder charge. Both the murder charge and the aggravated-robbery charge included elements that are different from those that must be proved to establish simple robbery, and those additional elements are not overlapping. *See Nelson v. State*, 2015 Ark. 168 (per curiam) (holding that the appellant had failed to show the judgment was illegal on its face when the elements of aggravated residential burglary, first-degree domestic battering, and first-degree false imprisonment required proof of different elements). The element requiring proof of the robber representing himself as

armed with a deadly weapon is unique to the aggravated–robbery charge. In addition, the culpable mental states for the two crimes are diverse. *See Clark v. State*, 373 Ark. 161, 282 S.W.3d 801 (2008) (holding that aggravated robbery is not a lesser-included offense of attempted capital murder); *but cf. Swaite v. State*, 272 Ark. 128, 612 S.W.2d 307 (1981) (holding sentences for both attempted capital murder and aggravated–robbery convictions under previous statutes violated double jeopardy).

Because Holly did not state facts in the petition to support his claim that the first-degree murder charge and the aggravated robbery charge were overlapping charges that violated double jeopardy, he did not establish probable cause that he is illegally detained. The circuit court therefore was correct to deny relief, and we affirm the order dismissing the petition.

Affirmed.

*Rodney Holly*, pro se appellant.
*Leslie Rutledge*, Att'y Gen., by: *Ashley Driver Younger*, Ass't Att'y Gen., for appellee.