
# SUPREME COURT OF ARKANSAS

No. CV-13-115

| | |
|---|---|
| FREDERICK PENNINGTON, JR.<br>APPELLANT | Opinion Delivered September 4, 2014 |
| V. | PRO SE MOTIONS FOR STAY PENDING APPEAL AND FOR SUPERSEDEAS, TO SUPPLEMENT ADDENDUM, AND FOR APPOINTMENT OF COUNSEL, AND PETITION FOR WRIT OF HABEAS CORPUS |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br>APPELLEE | [JEFFERSON COUNTY CIRCUIT COURT, NO. 35CV-12-671]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>APPEAL DISMISSED; MOTIONS FOR STAY PENDING APPEAL AND FOR SUPERSEDEAS, TO SUPPLEMENT ADDENDUM, AND FOR APPOINTMENT OF COUNSEL MOOT; PETITION FOR WRIT OF HABEAS CORPUS DENIED</u>. |

## PER CURIAM

In 1978, appellant Frederick Pennington, Jr., entered a negotiated plea of guilty in the Pulaski County Circuit Court to first-degree murder, four counts of aggravated robbery, and first-degree battery. He received concurrent sentences of life imprisonment for the charge of first-degree murder and each of the aggravated-robbery charges and 240 months' imprisonment for the battery charge.[1] Appellant was a minor at the time of the commission of the crimes.[2]

---

[1]The sentencing order refers to appellant's parole eligibility after serving one-third of his sentence. However, under Act 1993 of 1977, which was in effect when appellant committed the

In 2012, appellant, who was incarcerated at a facility of the Arkansas Department of Correction located in Jefferson County, filed a pro se petition for writ of habeas corpus in the Jefferson County Circuit Court.[3] In support of issuance of the writ, appellant alleged that his constitutional rights were violated when he was sentenced to life imprisonment without the possibility of parole for crimes committed when he was a minor, that he is actually innocent of the crimes for which he was convicted, that he was denied a transfer hearing and a juvenile-detention hearing, and that he did not enter his guilty plea upon advice of competent counsel. Additionally, appellant filed multiple pleadings entitled "Amended and Supplemental Pleadings" on November 19, 27, 30, and December 6, 2012, in which he raised the same grounds for issuance of the writ as presented in his petition, as well as allegations of police brutality. The circuit court denied appellant's request for issuance of the writ, and appellant timely filed a notice of appeal from the order.

Now before us are appellant's motions to stay and for supersedeas, to supplement the addendum, and for appointment of counsel, as well as a petition for writ of habeas corpus. Because it is clear that appellant could not prevail if the appeal were permitted to go forward, we dismiss the appeal, and the motions for stay and for supersedeas, to supplement the

---

crimes, appellant is not eligible for release on parole unless his life sentences are commuted to a term of years by executive clemency. *See* Ark. Code Ann. § 16-93-604 (Repl. 2006) (applying to felonies committed between April 1, 1977, and April 1, 1983).

[2]The trial record reflects that appellant's date of birth is August 23, 1961, and that the crimes were committed on October 22, 1977; thus, appellant was sixteen years old at the time of the commission of the crimes.

[3]As of the date of this opinion, appellant remains incarcerated at a facility in Jefferson County.

SLIP OPINION

addendum, and for appointment of counsel are moot. In the petition for writ of habeas corpus, appellant raises the same allegations that were asserted in the petition and supplemental pleadings that were filed in the circuit court. Because we determine that appellant failed to state a basis for issuance of the writ in the petition and supplemental pleadings that were filed in and ruled on by the circuit court, we decline to address the petition filed directly in this court, and the petition is therefore denied.

In regard to appellant's appeal, an appeal from an order that denied a petition for postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. *Roberson v. State*, 2013 Ark. 75 (per curiam). In appeals of postconviction proceedings, we will not reverse a circuit court's decision granting or denying postconviction relief unless it is clearly erroneous. *Pankau v. State*, 2013 Ark. 162. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Id.*

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Girley v. Hobbs*, 2012 Ark. 447 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam). The burden is on the petitioner in a habeas-corpus petition to establish that the circuit court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). Under our statute, a petitioner who does not allege his actual innocence and proceed under Act

SLIP OPINION

1780 of 2001 Acts of Arkansas must plead either the facial invalidity or the lack of jurisdiction by the circuit court and must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Murphy v. State*, 2013 Ark. 155 (per curiam); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam).

Appellant first asserted in his petition that his sentences of life imprisonment without parole are unconstitutional. Specifically, he argued that the circuit court lacked jurisdiction to issue a life sentence due to his minority at the time of the commission of the crimes. In the petition, appellant cited *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012), for the proposition that a sentencing scheme that mandates a life sentence without parole for defendants who were minors at the time of the commission of their crimes violates the Eighth Amendment to the United States Constitution. The circuit court held that *Miller* is inapplicable to appellant's case, and we agree.

In *Miller*, the Supreme Court held "that the Eighth amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Id.* at ___, 132 S. Ct. at 2469. We recently revisited the tenants of *Miller* in *Brown v. Hobbs*, 2014 Ark. 267. In affirming the denial of habeas relief where a juvenile offender, after entering a negotiated plea of guilty to first-degree murder, was sentenced to life without the possibility of parole, this court explained,

> [I]n *Miller*, the Supreme Court explicitly held that the Eighth Amendment's protections against cruel and unusual punishment forbid a sentencing scheme that mandates life in prison without possibility of parole for juvenile homicide offenders. *See Miller*, 132 S. Ct. at 2464, 2469. Thus, *Miller* is only applicable in Arkansas when a mandatory life sentence is imposed without the sentencer's being able to 'take into account how children are different, and how those differences counsel against irrevocably sentencing them to a

4

lifetime in prison.' *Id.* at 2469.

*Brown*, 2014 Ark. 267, at 5 (quoting *Murry v. Hobbs*, 2013 Ark. 64 (per curiam) (holding that *Miller* is inapposite where a juvenile's life sentence for first-degree murder was not mandatory)); *see also Smith v. State*, 2014 Ark. 204, ___ S.W.3d ___ (holding that *Miller* is inapplicable where a juvenile homicide offender's sentence of life without parole was not mandatory); *Britt v. State*, 2014 Ark. 134 (per curiam) (holding that, because life sentence for first-degree murder was not mandatory, it is not illegal under *Miller*); *Hobbs v. Turner*, 2014 Ark. 19, 431 S.W.3d 283 (holding that *Miller* is inapplicable where a juvenile homicide offender was not subjected to a mandatory life-without-parole sentence) (citing *Holland v. Hobbs*, No. 5:12CV00463-SWW-JJV, 2013 WL 6332731, at *4 (E.D. Ark. Dec. 5, 2013)).

In the instant case, appellant entered a negotiated plea of guilty to, and received sentences of life without parole for, the charges of first-degree murder and aggravated robbery.[4] At the time the crimes were committed, first-degree murder and aggravated robbery were classified as Class A felonies. Ark. Stat. Ann. § 41-1502(3) (Repl. 1977); Ark. Stat. Ann. § 41-2102 (Repl. 1977). A Class A felony was punishable by "not less than five years nor more than fifty years, or life." Ark. Stat. Ann. § 41-901 (Repl. 1977). Thus, appellant was not subjected to a mandatory sentence of life without parole, and his sentences, therefore, are not illegal under

---

[4]Appellant did not specify in the pleadings below which of the five life sentences were unconstitutional under *Miller*—the sentence imposed for the charge of first-degree murder or the four sentences imposed for the charges of aggravated robbery. We note that in *Graham v. Florida*, 560 U.S. 48 (2010), the Court concluded that the Eighth Amendment prohibits the imposition of a life-without-parole sentence on a juvenile nonhomicide offender. However, the issue of the constitutionality of the life-without-parole sentences, which were imposed for the aggravated-robbery charges, is not before us at this time as *Graham* was not raised below other than in a string citation contained in one of the amended pleadings.



*Miller.*

The remaining assertions raised by appellant below and addressed by the circuit court concern due-process violations, ineffective assistance of counsel, and police misconduct. Such claims are not cognizable in a habeas proceeding because they do not call into question the jurisdiction of the circuit court or the facial validity of the judgment-and-commitment order. *Murphy*, 2013 Ark. 155 (ineffective-assistance-of-counsel claims are not cognizable in a habeas proceeding); *McHaney v. Hobbs*, 2012 Ark. 361 (per curiam) (due-process allegations are not cognizable in a habeas proceeding); *Tryon v. Hobbs*, 2011 Ark. 76 (per curiam) (due process and prosecutorial misconduct are matters of trial error and are not cognizable in a habeas proceeding). A habeas proceeding does not afford a prisoner an opportunity to retry his case. *Tarkington v. Norris*, 2012 Ark. 147 (per curiam). Appellant's allegations were, or should have been, raised and argued at trial, on direct appeal, or in a timely petition for postconviction relief.[5]

As for appellant's assertion that he is actually innocent of the crimes for which he was convicted, a petitioner asserting the right to be released on a writ of habeas corpus on the ground of actual innocence must proceed under Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). Appellant did not invoke Act 1780 in his petition.

Because appellant failed to show that the circuit court lacked jurisdiction or that the commitment was invalid on its face, there was no basis for a finding that a writ of habeas corpus should issue. *See Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam).

---

[5]When a defendant enters a plea of guilty, the plea is his or her trial. *Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (1984).



Accordingly, the circuit court did not err in denying appellant's habeas-corpus petition, and appellant could not prevail if the appeal were permitted to go forward.

Appeal dismissed; motions for stay pending appeal and for supersedeas, to supplement addendum, and for appointment of counsel moot; petition for writ of habeas corpus denied.

*Frederick Pennington, Jr.*, pro se appellant.

No response.