SLIP OPINION  Cite as 2014 Ark. 346

# SUPREME COURT OF ARKANSAS

No. CV–13–801

| | |
|---|---|
| WALLACE GARDNER<br><br>APPELLANT<br><br>V.<br><br>RAY HOBBS, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>APPELLEE | Opinion Delivered September 4, 2014<br><br>PRO SE APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT AND PRO SE MOTION FOR APPOINTMENT OF COUNSEL [NO. 35CV-13-114]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br>AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED. |

PER CURIAM

In 2004, appellant Wallace Gardner was found guilty by a jury of capital murder and aggravated robbery. He was sentenced as a habitual offender to an aggregate term of life imprisonment without parole. We affirmed. *Gardner v. State*, 364 Ark. 506, 221 S.W.3d 339 (2006).

In 2013, appellant, who was incarcerated at a unit of the Arkansas Department of Correction located in Jefferson County, filed a pro se petition for writ of habeas corpus in the Jefferson County Circuit Court.[1] In the petition, he raised the following claims: the felony information violated the constitutional prohibition against double jeopardy because it was necessary to prove the underlying offense of aggravated robbery to prove the offense of capital murder, and he was denied equal protection and due process of law; he is actually innocent

---

[1]As of the date of this opinion, appellant remains incarcerated in Jefferson County.

SLIP OPINION

of the offenses; the evidence adduced at trial was insufficient to sustain the judgment; he was not afforded effective assistance of of counsel. The circuit court denied the habeas petition, and appellant brings this appeal. Appellant has also filed a motion for appointment of counsel to represent him on appeal.

In his brief, appellant repeats the claims raised in the habeas petition pertaining to double jeopardy, sufficiency of the evidence, and ineffective assistance of counsel and also argues other points that were not raised below. Interspersed with the sufficiency-of-the-evidence argument, appellant contends that he is actually innocent of the offenses.[2]

A circuit court's denial of habeas relief will not be reversed unless the court's findings are clearly erroneous. *Sanders v. Straughn*, 2014 Ark. 312, ___ S.W.3d ___ (per curiam) (citing *Henderson v. State*, 2014 Ark. 180 (per curiam)). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Bryant v. Hobbs*, 2014 Ark. 287 (per curiam); *Tolefree v. State*, 2014 Ark. 26 (per curiam) (citing *Hill v. State*, 2013 Ark. 413 (per curiam)). Because it is clear from the record that the circuit court did not err in its order, appellant's motion for appointment of counsel is denied, and the order is affirmed.

A writ of habeas corpus is proper only when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Bryant*, 2014 Ark. 287; *Girley v.*

---

[2]Claims argued below but not on appeal are considered abandoned. *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143.

*Hobbs*, 2012 Ark. 447 (per curiam); *Abernathy v. Norris*, 2011 Ark. 335 (per curiam). The burden is on the petitioner in a habeas-corpus petition to establish that the circuit court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Bryant*, 2014 Ark. 287 (citing *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam)). Under our statute, a petitioner who does not proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity or the lack of jurisdiction by the trial court and must additionally make a showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006); *Murphy v. State*, 2013 Ark. 155 (per curiam); *Murry v. Hobbs*, 2013 Ark. 64 (per curiam). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Murphy*, 2013 Ark. 155.

With respect to appellant's double-jeopardy claim, some claims of double jeopardy are cognizable in a habeas proceeding. *Meadows v. State*, 2013 Ark. 440 (per curiam); *see also Flowers v. Norris*, 347 Ark. 760, 68 S.W.3d 289 (2002). Detention for an illegal period of time is precisely what a writ of habeas corpus is designed to correct. *Meadows*, 2013 Ark. 440. But, when a double-jeopardy claim does not allege that, on the face of the commitment order, there was an illegal sentence imposed on a conviction, the claim does not implicate the jurisdiction of the court to hear the case, and the claim is not one cognizable in a habeas proceeding. *Id*.; *Burgie v. Hobbs*, 2013 Ark. 360 (per curiam). To the extent that appellant

may have stated a cognizable double-jeopardy claim, it was without merit.

The double jeopardy clauses of the United States and Arkansas Constitutions protect criminal defendants from multiple punishments for the same offense. *See Cothren v. State*, 344 Ark. 697, 42 S.W.3d 543 (2001) (citing *Wilcox v. State*, 342 Ark. 388, 39 S.W.3d 434 (2000) and *North Carolina v. Pearce*, 395 U.S. 711 (1969)). We have held that trial courts have specific authority to sentence a defendant for the underlying felony supporting a capital-murder charge, as well as the felony of capital murder itself. *Burgie*, 2013 Ark. 360 (citing *Jackson v. State*, 2013 Ark. 19 (per curiam)); *see also Clark v. State*, 373 Ark. 161, 282 S.W.3d 801 (2008) (citing *Walker v. State*, 353 Ark. 12, 110 S.W.3d 752 (2003)). The circuit court did not err in denying appellant's claim for habeas relief on double-jeopardy grounds.

Appellant's allegations pertaining to the sufficiency of the evidence and his claim that he is actually innocent were not cognizable in the habeas proceeding. Such a due-process claim is a challenge that should have been raised at trial. *Thompson v. State*, 2013 Ark. 179 (per curiam). A challenge to the sufficiency of the evidence to sustain the judgment does not call into question the trial court's jurisdiction or the facial validity of the judgment-and-commitment order. *Id.*; *see also Daniels v. Hobbs*, 2011 Ark. 192 (per curiam) (holding that allegations of an illegal search and insufficiency of the evidence were not grounds for issuance of the writ). To the extent that appellant's arguments were assertions of trial error, claims pertaining to due process and equal protection are not sufficient to implicate the facial validity of the judgment or the jurisdiction of the trial court. *Hill v. State*, 2013 Ark. 413 (per curiam); *see also Smith*

*v. Smith*, 2013 Ark. 481 (per curiam) (Due process claims are not cognizable in a habeas proceeding.); *Bliss v. Hobbs*, 2012 Ark. 315 (per curiam); *McHaney v. Hobbs*, 2012 Ark. 361 (per curiam); *Craig v. Hobbs*, 2012 Ark. 218 (per curiam) (Attacks on the sufficiency of the evidence and the admissibility of evidence are not cognizable in a habeas proceeding.). If appellant intends his arguments on appeal to challenge the sufficiency of the felony information, we have consistently held that the proper time to object to the form or sufficiency of a charging instrument is prior to trial. *Jones v. State*, 2014 Ark. 67 (per curiam); *Murry v. Hobbs*, 2013 Ark. 29 (per curiam); *see also Davis v. State*, 2011 Ark. 88 (per curiam); *Prince v. State*, 304 Ark. 692, 805 S.W.2d 46 (1991); *England v. State*, 234 Ark. 421, 352 S.W.2d 582 (1962).

With respect to appellant's allegation that he was not afforded effective assistance of counsel, ineffective assistance of counsel is also not a ground for issuance of a writ of habeas corpus. *Sanders*, 2014 Ark. 312, ___ S.W.3d ___. Any allegation appellant desired to raise concerning counsel's effectiveness should have been raised in a timely petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2004). *See Wesson v. Hobbs*, 2014 Ark. 285 (per curiam); *see also Green v. State*, 2014 Ark. 30. A petition for writ of habeas corpus is not a substitute for proceeding under the Rule. *Rodgers v. Hobbs*, 2011 Ark. 443; *Rickenbacker v. Norris*, 361 Ark. 291, 206 S.W.3d 220 (2005) (per curiam).

We do not reach the issues in appellant's brief that concern the validity of his arrest and whether there was probable cause for a search conducted in the case because the issues were not raised in the habeas petition. Issues raised for the first time on appeal are not grounds to

reverse a lower court's order. *Williams v. State*, 2013 Ark. 375 (per curiam); *see Rayford v. Hobbs*, 2014 Ark. 244 (per curiam). Nevertheless, with respect to whether a flaw in the arrest constituted a jurisdictional defect, this court has specifically held that a trial court's jurisdiction to try an accused does not depend upon the validity of the arrest. *Jones*, 2014 Ark. 67; *see also Roberson v. State*, 2013 Ark. 75 (per curiam); *Singleton v. State*, 256 Ark. 756, 510 S.W.2d 283 (1974). An illegal arrest, standing alone, does not vitiate a valid conviction. *Biggers v. State*, 317 Ark. 414, 878 S.W.2d 717 (1994). Issues related to the validity of appellant's arrest are factual issues that should have been addressed in the trial court. *See Grimes v. State*, 2010 Ark. 97.

When a petitioner in a habeas proceeding fails to establish that any constitutional or procedural violations implicated the jurisdiction of the trial court or rendered the judgment-and-commitment order invalid on its face, the petitioner has not stated a basis for the writ to issue. *Chambliss v. State*, 2014 Ark. 188 (per curiam). Because appellant did not establish the facial invalidity of the judgment or demonstrate a lack of the trial court's jurisdiction, the circuit court did not err when it dismissed the petition. *Watson v. State*, 2014 Ark. 147 (per curiam). Accordingly, the circuit court's order is affirmed.

Affirmed; motion for appointment of counsel denied.

*Wallace Gardner*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.