SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV–13–499

| | |
|---|---|
| BILLY RAY HALE<br><br>APPELLANT<br><br>V.<br><br><br>RAY HOBBS, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION; STATE OF<br>ARKANSAS<br><br>APPELLEES | Opinion Delivered October 2, 2014<br><br>APPEAL FROM THE LEE COUNTY<br>CIRCUIT COURT,<br>[NO. 39CV-13-12]<br><br>HONORABLE L.T. SIMES, II, JUDGE<br><br>DENIAL OF PETITION FOR WRIT<br>OF HABEAS CORPUS REVERSED;<br>WRIT OF HABEAS CORPUS<br>ISSUED; REMANDED TO THE LEE<br>COUNTY CIRCUIT COURT WITH<br>INSTRUCTIONS. |

**JIM HANNAH, Chief Justice**

Appellant, Billy Ray Hale, appeals the order of the Lee County Circuit Court denying his petition for a writ of habeas corpus. In 1978, Hale entered negotiated pleas of guilty in the Pulaski County Circuit Court to one count of first-degree murder, four counts of aggravated robbery, and one count of first-degree battery for crimes he committed in October 1977.[1] He received concurrent sentences of life imprisonment for the charge of first-degree murder and each of the aggravated-robbery charges and twenty years for the

---

[1]Hale was born on March 6, 1961; thus, he was sixteen years old when he committed the crimes.

battery charge.[2] The sentencing orders for each charge stated, "Defendant is to serve one-third (1/3) of said sentence(s) before becoming eligible for parole." In 1996, Hale sought a declaratory judgment in the Lincoln County Circuit Court asserting that, even though he had received life sentences, he was eligible for parole. The circuit court denied Hale's petition for relief, concluding that, pursuant to Arkansas Code Annotated section 16-93-604, persons serving life sentences are not eligible for parole. This court affirmed the circuit court's order denying relief without reaching the merits of Hale's arguments on appeal. *See Hale v. State*, CR 97-1058, 1999 WL 172173 (Ark. Mar. 25, 1999) (unpublished per curiam).[3]

On January 31, 2013, Hale, incarcerated by the Arkansas Department of Correction at the East Regional Unit in Lee County, Arkansas, filed a pro se petition for writ of habeas corpus in the Lee County Circuit Court. In support of issuance of the writ, Hale contended that the sentencing orders entered in his case were facially invalid, that his guilty plea was involuntary, that his trial attorney was ineffective, that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963), and that his life sentences for both aggravated robbery and

---

[2]Hale was convicted in three separate cases, CR 77-1933, CR 77-1934, and CR 77-1939, so three separate sentencing orders were entered.

[3]Although Hale raised several arguments in support of his petition, the circuit court addressed only his statutory right to parole eligibility and denied relief because, pursuant to Arkansas Code Annotated section 16-93-604, there was no eligibility for parole for persons serving life sentences. Hale appealed to this court and raised two arguments, neither of which challenged the circuit court's findings regarding the application of section 16-93-604. Because Hale failed to obtain rulings from the circuit court on the issues he raised on appeal, we summarily affirmed the circuit court's order.

first-degree murder were unconstitutional because he was a juvenile when he received them. Appellee, the State,[4] filed a memorandum in opposition to the petition. On May 1, 2013, the circuit court entered an order denying Hale's petition.

Hale appeals, contending that the circuit court erred in denying his petition for writ of habeas corpus because (1) the sentencing orders are facially invalid in that the court was without authority to sentence him to life with the possibility of parole eligibility after one-third of the sentence was served; (2) his four sentences, as a juvenile, to life without the possibility of parole for nonhomicide offenses are in violation of the Eighth Amendment's prohibition against cruel and unusual punishment as articulated in *Graham v. Florida*, 560 U.S. 48 (2010); and (3) his sentence, as a juvenile, to life without the possibility of parole for a homicide offense is in violation of the Eighth Amendment's prohibition against cruel and unusual punishment as articulated in *Miller v. Alabama*, 132 S. Ct. 2455 (2012).

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *E.g.*, *Brown v. Hobbs*, 2014 Ark. 267, at 2. Hale first contends that the circuit court erred in denying his petition because the sentencing orders are facially invalid. Specifically, he asserts that the orders are facially invalid because in 1978, the circuit court lacked the authority to impose the sentence of life imprisonment *with* the possibility of parole.

In Arkansas, sentencing is entirely a matter of statute, and this court has consistently

---

[4]Although Ray Hobbs, Director, Arkansas Department of Correction, is the nominal party, we will identify appellee as the "State."

held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *E.g.*, *State v. Fountain*, 350 Ark. 437, 440, 88 S.W.3d 411, 413 (2002). When the law does not authorize the particular sentence pronounced by a circuit court, that sentence is unauthorized and illegal, and the case must be reversed and remanded. *E.g.*, *Taylor v. State*, 354 Ark. 450, 456, 125 S.W.3d 174, 178 (2003).

At the time Hale committed the offenses, aggravated robbery and murder in the first degree were both Class A felonies, *see* Ark. Stat. Ann. §§ 41-1502(3), 41-2102(2) (Repl. 1977), and punishable by a term of imprisonment of not less than five years nor more than fifty years, or life, *see id.* § 41-901. The parole-eligibility statute then in effect stated that "[i]ndividuals sentenced to life imprisonment prior to March 1, 1968, and those sentenced to life imprisonment after the effective date [February 12, 1969] of this Act, shall not be eligible for release on parole unless such sentence is commuted to a term of years by executive clemency." *Id.* § 43-2807(b)(1).

Recently, in *Hobbs v. Turner*, 2014 Ark. 19, at 7, 431 S.W.3d 283, 287, we explained that "[g]enerally, in Arkansas, life means life," and with few exceptions, "the legislature has not provided for a sentence of life with the possibility of parole in over forty years." In each of the three sentencing orders at issue in this case, the Pulaski County Circuit Court sentenced Hale to life with the possibility of parole for Class A felonies. Pursuant to Arkansas Statutes Annotated section 41-901, for Class A felonies, the court was required to sentence Hale to terms of imprisonment of not less than five years, nor more than fifty years, or life. The court lacked the authority to sentence Hale to a term of life with the possibility of

4

parole. Therefore, the sentencing orders entered in this case are facially invalid. Because the Pulaski County Circuit Court exceeded its statutory authority by sentencing Hale to terms of imprisonment of life with the possibility of parole, we reverse the denial of the petition for writ of habeas corpus, issue the writ, and remand to the Lee County Circuit Court with instructions to transfer the case to the Pulaski County Circuit Court for resentencing.

Denial of petition for writ of habeas corpus reversed; writ of habeas corpus issued; remanded to the Lee County Circuit Court with instructions.

*Cross, Gunter, Witherspoon & Galchus, P.C.*, by: *Misty Wilson Borkowski* and *Abtin Mehdizadegan*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Pamela A. Rumpz,* Ass't Att'y Gen., for appellee.