SLIP OPINION

Cite as 2014 Ark. 441

# SUPREME COURT OF ARKANSAS

No. CV-13-115

| | |
|---|---|
| FREDERICK PENNINGTON, JR.<br>APPELLANT | **Opinion Delivered** October 23, 2014 |
| V. | PRO SE PETITION FOR REHEARING [JEFFERSON COUNTY CIRCUIT COURT, NO. 35CV-12-671] |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br>APPELLEE | HONORABLE JODI RAINES DENNIS, JUDGE<br><br>PETITION FOR REHEARING TREATED AS PETITION FOR RECONSIDERATION AND GRANTED; DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS REVERSED; WRIT OF HABEAS CORPUS ISSUED; REMANDED TO THE JEFFERSON COUNTY CIRCUIT COURT WITH INSTRUCTIONS. |

## PER CURIAM

Now before the court is a pro se petition for rehearing filed by appellant Frederick Pennington, Jr. The petition, properly treated as a petition for reconsideration, concerns our decision of September 4, 2014, dismissing appellant's appeal from the denial of habeas relief, denying his petition for habeas relief filed directly in this court, and finding his remaining motions to be moot. *See Pennington v. Hobbs*, 2014 Ark. 356, ___ S.W.3d ___ (per curiam). In light of our decision in *Hale v. Hobbs*, 2014 Ark. 405, ___ S.W.3d ___, we grant appellant's petition for reconsideration.[1]

---

[1]Appellant and Billy Ray Hale were co-defendants in Pulaski County Circuit Court Case Nos. 60CR-77-1933, 60CR-77-1934, and 60CR-77-1939. Like appellant, Hale appealed to this court from the denial of habeas relief. On appeal, we reversed and remanded on the ground that

On reconsideration, we find that the sentencing orders entered against appellant are facially invalid. While the specific issue was not raised by appellant, issues concerning a void or illegal sentence are akin to subject-matter jurisdiction and cannot be waived by either party. *Taylor v. State*, 354 Ark. 450, 125 S.W.3d 174 (2003) (citing *Flowers v. State*, 347 Ark. 760, 68 S.W.3d 289 (2002)). This court may review a void or illegal judgment sua sponte regardless of whether the issue is raised by a party. *See Harness v. State*, 352 Ark. 335, 101 S.W.3d 235 (2003).

As we noted in *Hale*, sentencing in Arkansas is entirely a matter of statute, and this court has consistently held that sentencing shall not be other than in accordance with the statute in effect at the time of the commission of the crime. *Hale*, 2014 Ark. 405, ___ S.W.3d ___. When the law does not authorize the particular sentence pronounced by a circuit court, that sentence is unauthorized and illegal, and the case must be reversed and remanded. *Id.*

Here, appellant entered a negotiated plea of guilty in the Pulaski County Circuit Court to one count of first-degree murder and four counts of aggravated robbery, and he was sentenced to life imprisonment for each of the charges. At the time the crimes were committed, first-degree murder and aggravated robbery were classified as Class A felonies. Ark. Stat. Ann. §§ 41-1502(3), 41-2102 (Repl. 1977). A Class A felony was punishable by "not less than five years nor more than fifty years, or life." Ark. Stat. Ann. § 41-901. The sentencing orders entered in appellant's case referred to appellant's parole eligibility after serving one-third of his life sentences. However, under Arkansas Statutes Annotated section 43-2807(b)(1), which was

---

the sentencing orders were facially invalid. Specifically, we held that the circuit court exceeded its authority by entering a sentence of life imprisonment *with* the possibility of parole. The sentencing orders entered against appellant are identical to those entered against Hale.

in effect at the time the crimes were committed, "[i]ndividuals sentenced to life imprisonment prior to March 1, 1968, and those sentenced to life imprisonment after the effective date [February 12, 1969] of this Act, shall not be eligible for release on parole unless such sentence is commuted to a term of years by executive clemency." Thus, parole-eligibility was not authorized by the statute in effect at the time the crimes were committed, and the sentencing orders entered against appellant are facially invalid.

Because the Pulaski County Circuit Court exceeded its authority in sentencing appellant to life imprisonment *with* the possibility of parole, we reverse the denial of the petition for writ of habeas corpus, issue the writ, and remand to the Jefferson County Circuit Court with instructions to transfer the case to the Pulaski County Circuit Court for resentencing. The remaining motions and petition of which we disposed in *Pennington*, 2014 Ark. 356, ___ S.W.3d ___ (per curiam) are moot.

Pro se petition for rehearing treated as petition for reconsideration and granted; denial of petition for writ of habeas corpus reversed; writ of habeas corpus issued; remanded to the Jefferson County Circuit Court with instructions.

*Frederick Pennington, Jr.*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.