SLIP OPINION

Cite as 2016 Ark. 428

# SUPREME COURT OF ARKANSAS

**Nos.** CR-16-706, CR-16-707, CR-16-708

| | |
|---|---|
| | **Opinion Delivered** December 1, 2016 |
| FREDERICK PENNINGTON, JR.<br>APPELLANT | PRO SE MOTIONS FOR AMENDED AND SUPPLEMENTAL PLEADINGS, FOR APPOINTMENT OF COUNSEL, FOR PRELIMINARY INJUNCTION ORDERS AND TEMPORARY RESTRAINING ORDERS, AND TO CONSOLIDATE APPEALS |
| V. | |
| STATE OF ARKANSAS | [PULASKI COUNTY CIRCUIT COURT, NOS. 60CR-77-1933, 60CR-77-1934, CR-77-1939] |
| APPELLEE | |
| | HONORABLE HERBERT T. WRIGHT, JR., JUDGE |
| | APPEALS DISMISSED, BUT MATTER REMANDED FOR AMENDED SENTENCING ORDER IN 60CR-77-1934; MOTIONS MOOT. |

## PER CURIAM

In 1978, appellant Frederick Pennington, Jr., entered a negotiated plea of guilty in the Pulaski County Circuit Court in three cases. In case number 60CR-77-1933, an aggregate sentence of life imprisonment was imposed for first-degree murder and aggravated robbery. In 60CR-77-1934, sentences of life and 20 years' imprisonment were imposed for aggravated robbery and battery in the first degree. In case number 60CR-77-1939, an aggregate sentence of life imprisonment was imposed for two counts of aggravated robbery. Pennington was sixteen years old at the time of the commission of the offenses. Although the judgment entered in 1978 states that Pennington would be eligible for parole after serving one-third of his sentences, under Act 1993 of 1977, which was in effect when

Pennington committed the offenses, he was not eligible for release on parole unless his life sentences were commuted to a term of years by executive clemency. *See* Ark. Code Ann. § 16-93-604 (Repl. 2006) (applying to felonies committed between April 1, 1977, and April 1, 1983).

In 2012, Pennington, who was incarcerated at a facility of the Arkansas Department of Correction located in Jefferson County, filed a pro se petition for writ of habeas corpus in the Jefferson County Circuit Court. In support of issuance of the writ, Pennington alleged that his constitutional rights were violated when he was sentenced to life imprisonment for crimes committed when he was a minor, that he was actually innocent of the crimes of which he had been convicted, that he had been denied a transfer hearing and a juvenile-detention hearing, and that he had not entered his guilty plea with advice of competent counsel. Pennington subsequently filed multiple pleadings in the proceeding. The circuit court denied the relief sought, and Pennington appealed to this court.

On appeal, we noted that claims of due-process violations, ineffective assistance of counsel, and police misconduct that Pennington had raised in the circuit court were not cognizable in a habeas proceeding because they did not call into question the jurisdiction of the trial court or the facial validity of the judgment-and-commitment order. *Pennington v. Hobbs*, 2014 Ark. 356, at 6, 451 S.W.3d 199, 202 (per curiam). With respect to Pennington's assertion of actual innocence, we held that a petitioner asserting the right to be released on a writ of habeas corpus on the ground of actual innocence must proceed under Act 1780 of 2001, codified at Arkansas Code Annotated sections 16-112-201 to -208 (Repl. 2006). Pennington did not invoke Act 1780 in his petition. *Pennington*, 2014 Ark.

356, at 6, 451 S.W.3d 199, 203. We affirmed the denial of habeas relief, but, on rehearing, we held that the sentencing orders against Pennington in the cases were facially invalid in light of a recent decision in *Hale v. Hobbs*, 2014 Ark. 405, 443 S.W.3d 533. In *Hale*, we directed that the appellant Hale be resentenced. The appellant in *Hale* was Billy Ray Hale, who was Pennington's codefendant in the three cases at issue.

While the specific issue in *Hale* that concerned the sentencing to life *with* the possibility of parole was not raised by Pennington, both Pennington and Hale were sentenced to life imprisonment with the possibility of parole after serving a part of their life terms. As stated, parole eligibility was not authorized by statute in effect when Pennington and Hale committed the offenses that resulted in their being sentenced to life imprisonment. Accordingly, in *Pennington v. Hobbs*, 2014 Ark. 441 (per curiam), we also reversed the denial of habeas relief by the circuit court and issued the writ so that Pennington could be resentenced by the trial court.

Pennington was resentenced on April 11, 2016, but the new sentencing order was not entered of record until May 26, 2016. In an addendum to the order, the trial court stated that it had taken into account not only this court's decision reversing the habeas order but also *Graham v. Florida*, 560 U.S. 48 (2010). In *Graham*, 560 U.S. at 74, the Court held "that for a juvenile offender who did not commit homicide the Eighth Amendment forbids the sentence of life without parole."

In case number 60CR–77–1933, Pennington was sentenced to an aggregate term of 240 months' imprisonment with imposition of an additional 360 months suspended for first-degree murder and aggravated robbery. In case number 60CR–77–1934, Pennington was

resentenced to 600 months' imprisonment for aggravated robbery and 240 months for first-degree battery. In 60CR-77-1939, an aggregate sentence of 600 months' imprisonment was imposed for two counts of aggravated robbery. The sentence in 60CR-77-1933 was ordered to be served consecutively to the terms in the other two cases for a total term to be served on the three cases of 840 months' imprisonment. Pennington was afforded "jail-time credit" against the aggregate sentences of all days served since October 25, 1977. On June 8, 2016, the trial court amended the order, but the length of the aggregate sentence in the three cases, 840 months, remained the same.

On April 21, 2016, Pennington filed in the trial court a pro se petition for rehearing from the resentencing order that was subsequently entered on April 26. On April 21, 2016, the trial court dismissed the pro se petition on the ground that Pennington had been represented by counsel in the resentencing proceeding and was not entitled to accept counsel and also represent himself. Pennington filed a pro se notice of appeal from the April 26, 2016 order on May 23, 2016.

On June 7, 2016, Pennington filed a pro se motion to withdraw his 1978 guilty pleas in the three cases on the ground of ineffective assistance of counsel pursuant to Arkansas Rule of Criminal Procedure 26.1 (2015). On the same day, he filed a pro se motion for relief from the resentencing order of "April 11, 2016," on behalf of himself and Billy Ray Hale pursuant to Arkansas Rule of Civil Procedure 60.

The trial court dismissed the pro se pleadings on June 30, 2016, noting that Pennington did not have authority to plead on behalf of Hale and repeating the holding in its April 26, 2016 order that Pennington was not entitled to continue to file pro se pleadings

in the resentencing proceeding when he was represented by counsel. On July 14, 2016, Pennington filed a pro se motion for an injunction and a temporary restraining order, and on July 20, 2016, he filed a notice of appeal designating the June 30, 2016 order.

The circuit clerk prepared a separate appeal record for each of the three cases, and on August 9, 2016, Pennington tendered the three records on appeal to this court. The records were timely tendered with respect to the July 20, 2016 notice of appeal that pertained to the June 30, 2016 order. Accordingly, the three appeals from the June 30, 2016 order were perfected. The appeals from the April 26, 2016 order were not perfected because Pennington did not tender the records on appeal from that order within ninety days of the date of the May 23, 2016 notice of appeal that designated the April 26, 2016 order as required by Arkansas Rule of Appellate Procedure–Criminal 4(b) (2015). The Rule provides that the record on appeal shall be filed with the clerk of the Arkansas Supreme Court and docketed therein within ninety days from the filing of the notice of appeal, unless the time is extended. *See State v. Bragg*, 2016 Ark. 242, at 6. The June 30, 2016 order essentially mirrors the holding in the April 26, 2016 order that Pennington would not be permitted to accept appointment of counsel and also proceed pro se. The three tendered records were lodged as three separate appeals of the June 30, 2016 order.[1]

Now before us are four identical pro se motions that Pennington has filed in each of the three appeals: motion to consolidate the three appeals; motion for appointment of counsel; motion for a preliminary injunction and a temporary restraining order; motion for

---

[1] Counsel for Pennington has filed a separate appeal from the resentencing proceeding in case number 60CR-77-1939. *See* CR–16–849 lodged September 21, 2016.

SLIP OPINION

amended pleadings and supplemental pleadings. As a review of the record establishes that Pennington could not prevail in the appeal, we dismiss the three appeals. The motions filed here are moot.

With respect to the trial court's dismissal on June 30, 2016, of Pennington's multiple pro se pleadings, we find no error. We have held that a defendant is not entitled to representation by counsel and to also proceed pro se in the same proceeding. See *Hamilton v. State*, 348 Ark. 532, 74 S.W.3d 615 (2002); *see also Ward v. State*, 2015 Ark. 325, at 3–4, 469 S.W.3d 350, 352 (per curiam), *reh'g denied* (Mar. 31, 2016); *Monts v. Lessenberry*, 305 Ark. 202, 204, 806 S.W.2d 379, 381 (1991) (per curiam) (holding there is no right to a "hybrid" representation consisting of counsel and a criminal defendant both making arguments). Accordingly, the trial court did not err in holding that Pennington was not entitled to accept the appointment of counsel in the resentencing proceeding in his cases and also file pro se pleadings.

With respect to the pro se motion that Pennington filed to withdraw his guilty plea, even if it could be considered as a pleading separate from the resentencing proceeding, there was no specific ruling by the trial court on the motion separate from the other pleadings filed by Pennington after counsel had been appointed for him in the resentencing proceeding. As the trial court did not specifically address the motion, which was filed June 7, 2016, in the order entered June 30, 2016, from which Pennington brings these appeals, there was no ruling for our review. *Van Winkle v. State*, 2016 Ark. 98, at 15, 486 S.W.3d 778, 788.

While we dismiss the appeal, we remand the matter for entry of another amended sentencing order in 60CR-77-1934. In that case, the order incorrectly reflects that Pennington was sentenced to 600 months' imprisonment on both the aggravated robbery and the first-degree battery convictions. It should reflect that he was sentenced to 600 months' imprisonment for aggravated robbery and 240 months for first-degree battery.

Appeal dismissed, but matter remanded for amended sentencing order in 60CR-77-1934; motions moot.