SLIP OPINION

Cite as 2017 Ark. 29

# SUPREME COURT OF ARKANSAS.

No. CV–16–851

| | |
|---|---|
| WESLEY JEFFERSON<br><div align="right">APPELLANT</div><br>V.<br><br>WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><div align="right">APPELLEE</div> | **Opinion Delivered** February 9, 2017<br><br>PRO SE MOTIONS FOR EXTENSION OF TIME AND FOR EN BANC REVIEW [LEE COUNTY CIRCUIT COURT, NO. 39CV-16-83]<br><br>HONORABLE RICHARD L. PROCTOR, JUDGE<br><br><u>APPEAL DISMISSED; MOTIONS MOOT</u>. |

**PER CURIAM**

Appellant Wesley Jefferson is an inmate incarcerated in the Arkansas Department of Correction in a facility located in Lee County.[1]  He lodged in this court an appeal of an order denying his pro se petition for writ of habeas corpus filed in the circuit court of that county.  Jefferson has filed two motions requesting an extension of time in which to file his brief and seeking en banc review.  After filing the motions, Jefferson tendered his brief.  We dismiss the appeal, and the motions are therefore moot.

An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where the appeal is without merit.  *Early v. Hobbs*, 2015 Ark. 313, 467 S.W.3d 150 (per curiam).  This court will dismiss the appeal if it is clear from the record that the appellant did not

---

[1]Jefferson remains incarcerated in Lee County as of the date of this opinion.

allege a basis on which the circuit court could properly grant a writ of habeas corpus, and the appellant therefore could not prevail on appeal. *Robinson v. Felts*, 2015 Ark. 174 (per curiam). Jefferson did not allege a basis for the circuit court to grant the writ, and we accordingly dismiss the appeal.

This court affirmed the judgment reflecting Jefferson's convictions for capital murder, aggravated robbery, theft of property, and fleeing that Jefferson challenged in the habeas proceeding. *Jefferson v. State*, 372 Ark. 307, 276 S.W.3d 214 (2008). In his habeas petition, Jefferson alleged that his sentence was illegal, that the evidence against him was insufficient, and that he was actually innocent of the charges. In support of these claims, Jefferson raised a number of issues challenging due process and the procedure during his trial, including allegations that the information was improperly amended to change the nature or degree of the murder charge, that a motion to quash the capital–murder charge should have been granted, that there were a number of other trial errors during the proceedings, that his trial counsel was ineffective on a number of bases, that there was prosecutorial misconduct in that evidence was suppressed and the prosecutor made inappropriate comments during the opening statement and closing argument, that the judge demonstrated bias, and that he was denied appellate review because this court did not review the entire record on appeal.

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a

showing by affidavit or other evidence of probable cause to believe that he is illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

Jefferson alleged his actual innocence, but he did not invoke Act 1780. Proceedings under Act 1780 must be filed in the court in which the conviction was entered. Ark. Code Ann. § 16-112-201(a). Jefferson was convicted in the St. Francis County Circuit Court, and jurisdiction for proceedings under Act 1780 would not lie in the Lee County Circuit Court. In habeas proceedings not filed under Act 1780, claims of actual innocence, which are effectively challenges to the sufficiency of the evidence, are due-process claims that are not cognizable in habeas proceedings. *Gardner v. Hobbs*, 2014 Ark. 346, 439 S.W.3d 663 (per curiam). Jefferson's claims in the petition that he was innocent and that the evidence was insufficient were not within the purview of the habeas proceeding.

Jefferson's claims of ineffective assistance, prosecutorial misconduct, trial error, and judicial bias were also not within the purview of our habeas statute. Ineffective-assistance-of-counsel claims are not cognizable in habeas proceedings. *McConaughy v. Lockhart*, 310 Ark. 686, 840 S.W.2d 166 (1992). Ineffective assistance is the type of factual issue that requires the kind of inquiry well beyond the facial validity of the commitment. *See Friend v. Norris*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the

court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Murphy v. State*, 2013 Ark. 155 (per curiam).

Nor do assertions of trial error such as Jefferson made concerning the denial of the motion to quash implicate the facial validity of the judgment or the jurisdiction of the trial court, and those claims are also not cognizable in proceedings for the writ. *Id.* A habeas proceeding does not afford a prisoner an opportunity to retry his case, and it is not a substitute for direct appeal or postconviction relief. *Philyaw*, 2015 Ark. 465, 477 S.W.3d 503. Because Jefferson failed to challenge the facial validity of the judgment or the court's jurisdiction, his claims of prosecutorial misconduct also do not fall within the parameters of the remedy. *See Grissom v. Hobbs*, 2015 Ark. 449, 476 S.W.3d 160 (per curiam). Claims of judicial bias are likewise assertions of trial error that do not implicate the facial validity of the judgment or the jurisdiction of the trial court. *Maxwell v. Hobbs*, 2013 Ark. 307 (per curiam).

In addition to Jefferson's allegations of trial error on the denial of the motion to quash, he also alleged that amendment of the information was invalid and changed the nature and degree of the charge. Jefferson contended that the information improperly changed the basis for the capital-murder charge because the original information alleged that Jefferson caused a death "under circumstances manifesting extreme indifference to the value of human life while committing a Burglary and Theft of Property, the death being caused with premeditation and deliberate purpose" while the amended information alleged that Jefferson caused a death "in the course of and in furtherance of a felony or immediate flight from the felony of Aggravated Robbery."

Claims of a defective information that raise a jurisdictional issue, such as those that raise a claim of an illegal sentence, are cognizable in a habeas proceeding, but allegations of a defective information are not generally considered to be jurisdictional and are treated as trial error. *Philyaw*, 2015 Ark. 465, 477 S.W.3d 503. This court has held that a claim such as Jefferson makes here does not challenge the personal or subject-matter jurisdiction of the court and is not cognizable in a habeas proceeding. *Sanders v. Straughn*, 2014 Ark. 312, 439 S.W.3d 1 (per curiam). As in *Sanders*, because the nature of the offense remained the same and the amendment changed only the manner of the alleged commission of the crime, Jefferson failed to state a claim for habeas relief.

Jefferson's final allegation offered in support of his claim of an illegal sentence was that this court performed an inadequate review on appeal because it failed to fully review the record available on appeal. Again, this claim is not one that challenges either the facial validity of the judgment or the trial court's jurisdiction to impose the sentence. Jefferson instead appears to contend that this court had an obligation to conduct a review of the entire record on appeal for any error rather than the review of adverse decisions mandated by Arkansas Supreme Court Rule 4-3 (2008). Jefferson therefore failed to allege a basis for the circuit court to grant the writ. Moreover, even if the issue was one that fell within the perimeters of habeas review, Jefferson's position on what is required for an appropriate review is at odds with our consistent holdings. *See Perry v. State*, 2014 Ark. 535, 453 S.W.3d 650 (holding that review under the Rule presupposes that a proper objection was made at trial and citing *Webb v. State*, 327 Ark. 51, 938 S.W.2d 806 (1997) in support).

Appeal dismissed; motions moot.

SLIP OPINION