SLIP OPINION

Cite as 2017 Ark. 168

# SUPREME COURT OF ARKANSAS.
No. CV-16-1090

| | |
|---|---|
| FREDERICK PENNINGTON, JR.<br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br>APPELLEE | **Opinion Delivered** May 4, 2017<br><br>PRO SE MOTION TO AMEND AND SUPPLEMENT PLEADINGS [LEE COUNTY CIRCUIT COURT, NO. 36CV-16-111 ]<br><br>HONORABLE RICHARD LEE PROCTOR, JUDGE<br><br>APPEAL DISMISSED; MOTION MOOT. |

**PER CURIAM**

Appellant Frederick Pennington, Jr., is an inmate incarcerated in the Arkansas Department of Correction in a facility located in Lee County. He lodged in this court an appeal of an order denying his pro se petition for writ of habeas corpus filed in the circuit court of that county. Pennington has filed a motion to amend and supplement his pleadings wherein he asks this court to transfer this appeal to the Arkansas Court of Appeals and to appoint counsel. We dismiss the appeal, and the motion is therefore moot.

An appeal of the denial of postconviction relief, including an appeal from an order that denied a petition for writ of habeas corpus, will not be permitted to go forward where the appeal is without merit. *Jefferson v. Kelley*, 2017 Ark. 29, at 1–3, 509 S.W.3d 626, 628 (per curiam); *Early v. Hobbs*, 2015 Ark. 313, 467 S.W.3d 150 (per curiam). This court will dismiss the appeal if it is clear from the record that the appellant did not allege a basis on which the circuit court could properly grant a writ of habeas corpus, and the appellant therefore could not prevail on appeal. *Jefferson*, 2017 Ark. 29, at 1–3, 509 S.W.3d at 628;

*Robinson v. Felts*, 2015 Ark. 174, at 1–2 (per curiam). Pennington did not demonstrate probable cause for issuance of a writ of habeas corpus, and he otherwise failed to allege a basis for the circuit court to grant the writ. Accordingly, we dismiss the appeal.

In 1978, Pennington entered a negotiated plea of guilty in the Pulaski County Circuit Court to six criminal offenses in three separate cases.[1] Those offenses included first-degree murder, four counts of aggravated robbery, and first-degree battery. Pennington received concurrent sentences of life imprisonment for the charge of first-degree murder and each of the aggravated-robbery charges and 240 months' imprisonment for the first-degree battery charge. Pennington was a minor when the crimes were committed. On reconsideration,[2] we found that the sentencing orders entered against Pennington were facially invalid. *Pennington v. Hobbs*, 2014 Ark. 441, at 2, 497 S.W.3d 186, 187 (per curiam). We granted the writ and remanded the case for resentencing by the Pulaski County Circuit Court. *Id.*

Pennington was resentenced on April 11, 2016, and the new sentencing order was entered of record on May 26, 2016. *Pennington*, 2016 Ark. 428, at 3. Pennington was resentenced to an aggregate term of 840 months on all three cases.[3] *Id.*

---

[1] Those cases were docketed as follows: 60CR77-1933; 60CR–77–1934; and 60CR–77-1939. *See Pennington v. State*, 2016 Ark. 428, at 3 (per curiam).

[2] We originally denied Pennington's pro se petition for a writ of habeas corpus wherein he had alleged that his life sentence was illegal under the holding in *Miller v. Alabama*, 567 U.S. 460 (2012). *See Pennington v. Hobbs*, 2014 Ark. 356, at 2, 451 S.W.3d 199, 200 (per curiam).

[3] Appeals from those sentencing orders are currently pending in this court, and Pennington is represented by counsel in those appeals.

SLIP OPINION

Following resentencing, Pennington filed a petition for writ of habeas corpus in the Lee County Circuit Court on September 12, 2016, and attached a brief in support of the petition. In his brief, Pennington alleged that he was actually innocent of the crimes for which he had been convicted; that he had been coerced by his attorney to plead guilty; that at the time he was originally sentenced, he had been denied his right to a juvenile transfer; that his original sentence was illegal pursuant to *Miller*, 567 U.S. 460; that he was denied his right to appellate counsel during the matter addressed by this court on reconsideration in *Pennington*, 2014 Ark. 441, at 2, 497 S.W.3d at 187; that he suffered a fundamental miscarriage of justice on April 11, 2016, when he was resentenced in the Pulaski County Circuit Court; and that the resentencing order is illegal because he is entitled to a minimum flat discharge date as a first-time youthful offender under the laws in effect at the time his original sentences were entered. Pennington subsequently filed a motion for amended and supplemental pleadings and reasserted the allegations set forth above. Pennington failed to attach to his petition and subsequent motion the sentencing orders from which he petitioned for habeas relief.

The circuit court denied the petition, finding that Pennington had failed to make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. The circuit court further found that the allegations were conclusory and failed to state a cognizable ground for relief. Finally, the circuit court's order indicates that it could not discern from Pennington's allegations the specific order from which Pennington was seeking habeas relief.

Under our statute, a petitioner for the writ who does not allege his actual innocence and proceed under Act 1780 of 2001 Acts of Arkansas must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2006). The burden is on the petitioner in a habeas corpus petition to establish that the circuit court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Gardner v. Hobbs*, 2014 Ark. 346, at 3, 439 S.W.3d 663, 665 (per curiam). Moreover, we have explained that the writ of habeas corpus shall be issued in the manner prescribed by our habeas statute. *Hobbs v. Hodge*, 2015 Ark. 207, at 4–5, 461 S.W.3d 704, 706 (citing Ark. Code Ann. § 16-112-101 (Repl. 2006)). Pursuant to this statute, probable cause to issue the writ must be supported by evidence submitted to the circuit court before the writ will issue. *Id*. at 3, 461 S.W.3d at 705. Even if a cognizable claim is made, the writ does not have to be issued unless probable cause is shown. *Meny v. Norris*, 340 Ark. 418, 420, 13 S.W.3d 143, 145 (2000) (per curiam) (citing Ark. Code Ann. § 16–112–103 (1987)).

Here, Pennington alleged that his sentences were facially illegal, yet he failed to attach to his habeas petition the allegedly illegal sentencing order or orders. The facial validity of a challenged order can be determined only from a review of the order itself. Because Pennington failed to attach the orders he references in his petition, he failed to establish probable cause for issuance of the writ. *Meny*, 340 Ark. at 420, 13 S.W.3d at 145; *see also Ex parte Royster*, 6 Ark. 28 (1845) (To entitle a person in confinement by virtue of any

warrant, order or process, to a writ of habeas corpus, he must accompany his petition with a copy of the warrant, order of process, or show a legal excuse for the omission.).

In any event, Pennington failed to state a cognizable claim for habeas relief. Pennington did not invoke Act 1780, and his claim of actual innocence is not cognizable in habeas proceedings not filed under the Act. *Gardner*, 2014 Ark. 346, at 4, 439 S.W.3d at 666. Pennington's challenge to the validity of his guilty plea is likewise not cognizable in a habeas proceeding. *Parker v. Hobbs*, 2013 Ark. 309, at 3 (per curiam). Pennington's allegations with respect to his original sentencing order, including the claim based on *Miller*, 567 U.S. 460, are moot. As stated above, Pennington's original judgment and sentence were declared illegal and set aside by this court. *Pennington*, 2014 Ark. 441, at 2, 497 S.W.3d at 187. A habeas proceeding cannot be maintained with respect to a sentence that is no longer in effect. *Bradford v. State*, 2011 Ark. 494, at 5 (per curiam) (holding that the appellant cannot demonstrate that he is being illegally detained when the sentences have expired). With respect to Pennington's allegations concerning the resentencing orders, he failed to state sufficient facts demonstrating that these orders are either facially illegal or that the Pulaski County Circuit Court lacked jurisdiction to impose those sentences. *Gardner*, 2014 Ark. 346, at 3, 439 S.W.3d at 665. The circuit court's order denying habeas relief was not clearly erroneous. *Id*. at 2, 439 S.W.3d at 665.

Appeal dismissed; motion moot.